IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGIE MARIE BRIONES, | ) | No. C 10-3901 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; ORDER OF |
| v. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANT TO FILE |
| STATE OF CALIFORNIA, et al., | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| Defendants. | ) | MOTION |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 raising violations of her constitutional rights while incarcerated at Salinas Valley State Prison ("SVSP").  Plaintiff is granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      According to the complaint, Plaintiff is a male-to-female transgender inmate. When
8  Plaintiff was 16-years old, she began taking hormone therapy, in preparation of undergoing sex
9  reassignment surgery. On May 31, 2006, Plaintiff arrived at SVSP, which housed only male
10 inmates. At an unspecified date, Defendant Correctional Officer Rocha moved Plaintiff into
11 Building 4, the building in which he was the second watch floor officer. Plaintiff alleges that
12 Rocha asked Plaintiff to expose her breasts to him while he took pictures; allowed Plaintiff to
13 have extra privileges; asked Plaintiff to perform sexual acts on her cellmate, Salazar, while he
14 filmed it; and sexually harassed and abused Plaintiff. In April 2007, Rocha threatened Plaintiff
15 to keep their activities a secret. Eventually Plaintiff and Salazar told another officer and they
16 were removed from Rocha's building. Rocha threatened Plaintiff and told her that her freedom
17 and her life were "done."

18     A sexual assault on an inmate by a guard is actionable as an Eighth Amendment
19 violation. *See Schwenk v. Hartford*, 204 F.3d 1187, 1197-98 (9th Cir. 2000) (rejecting guard's
20 argument that his conduct -- entering the cell of a transsexual prisoner, unzipping his pants,
21 exposing himself, demanding oral sex, and then, after being refused, grabbing the prisoner,
22 pushing her up against the bars of the cell, and grinding his penis into her buttocks -- amounted
23 only to non-actionable sexual harassment rather than actionable sexual assault). Moreover, a
24 prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the
25 alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving
26 standards of decency that mark the progress of a maturing society," and the defendant acted with
27 intent to harm the prisoner. *See Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992). Sexual assault,

28

1  coercion and harassment certainly may violate contemporary standards of decency and cause
2  physical and psychological harm, *see Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir.
3  1993) (en banc); however, not every malevolent touch by a prison guard or official gives rise to
4  an Eighth Amendment violation -- the Eighth Amendment's prohibition against cruel and
5  unusual punishment necessarily excludes from constitutional recognition de minimis uses of
6  force.  *See Hudson*, 503 U.S. at 9-10.  A prisoner, therefore, must establish that the alleged
7  sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the
8  Eighth Amendment.  *See, e.g.*, *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992)
9  (correctional officer sexually harassed two inmates on almost daily basis for two months by
10 conducting deliberate examination of genitalia and anus).
11        Liberally construed, Plaintiff complaint sets forth a cognizable claim of an Eighth
12 Amendment violation against Defendant Rocha.
13 C.    Dismissed Defendants
14        Plaintiff also names as defendants: the State of California; Matthew Cate, the Secretary
15 of the California Department of Corrections and Rehabilitation, and the Warden of SVSP.
16        The Eleventh Amendment bars from the federal courts suits against a state by its own
17 citizens, citizens of another state or citizens or subjects of any foreign state.  *Atascadero State*
18 *Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).  Unless a state has waived its Eleventh
19 Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the
20 relief sought.  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).  Here, the State of California
21 has not waived its immunity and Congress has not overridden it.  Thus, the Court DISMISSES
22 the State of California from this suit.
23        Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the
24 plaintiff can show that the defendant proximately caused the deprivation of a federally protected
25 right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a
26 constitutional right within the meaning of section 1983 if he does an affirmative act, participates
27 in another's affirmative act or omits to perform an act which he is legally required to do, that
28

1 causes the deprivation of which the plaintiff complains. *See id.* at 633.  Moreover, absent
2 vicarious liability, each Government official, his title notwithstanding, is only liable for his or
3 her own misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A supervisor may be
4 liable under section 1983 upon a showing of (1) personal involvement in the constitutional
5 deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and
6 the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.
7 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for
8 constitutional violations of his subordinates if the supervisor participated in or directed the
9 violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d
10 1040, 1045 (9th Cir. 1989).  Where there is no evidence that the supervisor was personally
11 involved or connected to the alleged violation, the supervisor may not be liable. *See Edgerly v.*
12 *City and County of San Francisco*, 599 F.3d 946, 961-62 (9th Cir. 2010).

13       Here, Plaintiff does not allege that there is any unconstitutional policy in place, *see*
14 *Redman*, 942 F.2d at 1446-47, or that either Cate or the Warden personally participated or knew
15 about the alleged constitutional violation asserted by Plaintiff, *see Taylor*, 880 F.2d at 1045.
16 Thus, even liberally construed, Plaintiff's complaint fails to demonstrate any causal connection
17 between the allegations and Cate or the Warden.  Accordingly, Defendants Cate and the Warden
18 of SVSP are DISMISSED.  If Plaintiff can, in good faith, cure the above mentioned deficiencies,
19 he may file an amended complaint doing so.

## CONCLUSION

21       For the foregoing reasons, the court hereby orders as follows:

22     1.    The Court DISMISSES Defendants: State of California; Matthew Cate, the
23 Secretary of the California Department of Corrections and Rehabilitation, and the Warden of
24 SVSP.

25     2.    The Clerk shall issue a summons, and the United States Marshal shall serve,
26 without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments
27 thereto, and copies of this order on **CORRECTIONAL OFFICER ROCHA** at **Salinas Valley**
28

1  **State Prison**. The Clerk shall also serve a copy of this Order on Plaintiff and mail a courtesy
2  copy of the complaint to the California Attorney General's Office.
3      2.      No later than **ninety (90) days** from the date of this order, Defendant shall file a
4  motion for summary judgment or other dispositive motion with respect to the cognizable claims
5  in the complaint.
6          a.      If Defendant elects to file a motion to dismiss on the grounds that Plaintiff
7  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
8  Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
9  F.3d 1108, 1119-20 (9th Cir. 2003).
10         b.      Any motion for summary judgment shall be supported by adequate factual
11 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
12 Procedure. **<u>Defendant is advised that summary judgment cannot be granted, nor qualified</u>**
13 **<u>immunity found, if material facts are in dispute. If Defendant is of the opinion that this</u>**
14 **<u>case cannot be resolved by summary judgment, she shall so inform the Court prior to the</u>**
15 **<u>date the summary judgment motion is due.</u>**
16     3.      Plaintiff's opposition to the dispositive motion shall be filed with the court and
17 served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.
18         a.      In the event Defendant files an unenumerated motion to dismiss under
19 Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

20      The defendants have made a motion to dismiss pursuant to Rule 12(b) of
   the Federal Rules of Civil Procedure, on the ground you have not exhausted your
21 administrative remedies. The motion will, if granted, result in the dismissal of
   your case. When a party you are suing makes a motion to dismiss for failure to
22 exhaust, and that motion is properly supported by declarations (or other sworn
   testimony) and/or documents, you may not simply rely on what your complaint
23 says. Instead, you must set out specific facts in declarations, depositions, answers
   to interrogatories, or documents, that contradict the facts shown in the defendant's
24 declarations and documents and show that you have in fact exhausted your
   claims. If you do not submit your own evidence in opposition, the motion to
25 dismiss, if appropriate, may be granted and the case dismissed.

26 ─────────────────────
      [1] The following notice is adapted from the summary judgment notice to be given to pro se
27 prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See*
28 *Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Briones901dissrv.wpd    5

      b.     In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    4.     Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    6.     All communications by the Plaintiff with the court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Briones901dissrv.wpd    6

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendant's counsel. *See* Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendant has filed a dispositive motion which could include some or all of the discovery Plaintiff might seek.</u> In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because Plaintiff is detained, he is not required to meet and confer with Defendant in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel, he must send a letter to Defendant to that effect, offering him one last opportunity to provide him with the sought-after information.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   11/8/10

*Lucy H. Koh*
LUCY H. KOH
United States District Judge