IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIE MARIE BRIONES,  )<br>  )<br>    Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>CORRECTIONAL OFFICER ROCHA,  )<br>  )<br>    Defendant.  )<br>_____ ) | No. C 10-3901 LHK (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT; AND DIRECTING PLAINTIFF TO LOCATE UNSERVED DEFENDANT |

This *pro se* civil rights action was filed on August 31, 2010. Before the Court is Plaintiff's motion for entry of default against the Defendant for failure to respond to the Court's November 8, 2010 order directing Defendant to file a dispositive motion by February 7, 2011.

On December 27, 2010, a summons for Defendant Rocha was returned executed. On February 24, 2011, a letter from Jennifer Delaney, Correctional Counselor II, from Salinas Valley State Prison was filed. Delaney stated that Defendant is no longer employed with the California Department of Corrections and Rehabilitation. Attempts were made to obtain his signature on a Request for Representation/Reservation of Rights form without success. These attempts were returned indicating that the address was incorrect, and no forwarding address was available.

Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants. *See* Fed. R. Civ. P. 4(m). In cases wherein the plaintiff proceeds in forma pauperis,

Order Denying Plaintiff's Motion for Default; and Directing Plaintiff to Locate Unserved Defendant
P:\PRO-SE\SJ.LHK\CR.10\Briones901DenyDefault-Locate Defendant.wpd

the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The Court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own (for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims), and plaintiff is informed, then plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

Because Plaintiff has not provided sufficient information to allow the Marshal to locate and serve the Defendant, Plaintiff must remedy the situation or face dismissal of his claims against said Defendant without prejudice. *See Walker*, 14 F.3d at 1421-22. Accordingly, Plaintiff must provide the Court with sufficient information regarding Defendant Rocha's accurate and current location such that the Marshal is able to effect service upon him. **Failure to do so within thirty days of the date this order is filed will result in the dismissal of the claims against Defendant Rocha**.

Because service has not been effectuated, Plaintiff's motion for entry of default is DENIED.

This order terminates docket no. 14.

IT IS SO ORDERED.

DATED:   3/21/11



LUCY H. KOH
United States District Judge

Order Denying Plaintiff's Motion for Default; and Directing Plaintiff to Locate Unserved Defendant
P:\PRO-SE\SJ.LHK\CR.10\Briones901DenyDefault-Locate Defendant.wpd

3